to an allegation that the bankrupt being a tradesman has not, subsequently to the passage of said act, kept proper books of account, and that the case is, therefore, one in which, under section 29, a discharge cannot be granted.

## Case No. 1,697a.

### BOUNTY v. KERRIN.

[Betts' Scr. Bk. 533.]

District Court, S. D. New York. March, 1856.

SALVAGE—CONTRACT—TENDER—COSTS.

[1. One who contracts to perform a salvage service for a specified gross sum can recover no more, although the work proves to be actually worth many times that sum.]

[2. The merits of a libel in personam for salvage services are not affected by the fact that respondent has replevied the salved property from the salvor.]

[3. Tender made before suit brought, and not repeated in court, does not bar costs.]

[In admiralty. Libel by John Bounty against Patrick Kerrin to recover salvage. Decree for libelant.]

A. Nash, for libelant.

F. C. Bliss, for respondent.

Before BETTS, District Judge.

The libelant, with the aid of a sloop and several men, raised for the defendant the boiler and machinery of a wrecked steamboat. He claims a salvage reward for the service, or a quantum valebat compensation, of at least $25 per day, amounting to $218.50, and, upon the evidence, the latter sum appears no more than reasonable compensation for the service rendered, without considering it one of a salvage character. The respondent proves by his agent that he made a specific contract with the libelant to do the work for the gross sum of $25. The witness was not discredited, nor was there evidence contradicting him on this point. Evidence was offered by the respondent that he had dispossessed the libelant of the machinery after it was raised, by replevin, and had tendered him in specie $25 before suit brought.

Held, that libelant's recovery must be limited, on the testimony, to $25; that the replevin action did not affect the merits of this suit; and that the tender proved, not having been made in court, did not bar costs. Decree for the libelant for $25, with interest from October 10, 1854, and full costs.

BOURN (GOODYEAR v.). See Case No. 5,-561.

## Case No. 1,698.

### BOURNE v. ASHLEY.

District Court, D. Massachusetts. June, 1863.

WHALE FISHERY—PROPERTY RIGHTS IN WHALE—CUSTOM AND USAGE—SUFFICIENCY.

[1. A whale belongs to the ship from which the first iron is placed, though the actual kill-ing is by the crew of another vessel, or they take part therein.]

[2. By long usage, the first iron, whether attached to the boat or not, holds the whale.]

[3. Though local usages of a particular port will not supersede the general maritime law, yet this doctrine does not apply to a custom embracing an entire business, and concurred in for a long time by persons engaged therein.]

[Cited in Swift v. Gifford, Case No. 13,696; Ghen v. Rich, 8 Fed. 161.]

## Case No. 1,699.

### BOURNE et al. v. ASHLEY et al.

[1 Lowell, 27.][1]

District Court, D. Massachusetts. Sept. Term, 1865.

TROVER—MEASURE OF DAMAGES.

In a proceeding in the nature of trover for the conversion of a whale in the Okhotsk sea, the measure of damages is the value of the whale at the time of the conversion, which can be found by taking the value of the oil and bone at New Bedford, which was the ruling market of the country at the time, and was the home port of both vessels, less the expense of cutting in and boiling, freight and insurance; to the amount thus ascertained, interest at six per cent is to be added.

[Adhered to in Bartlett v. Budd, Case No. 1,075. Explained in The Ontario, Id. 10,-543. Approved in Swift v. Brownell, Id. 13,695. Distinguished in Dyer v. National Steam Nav. Co., Id. 4,225. Cited in Guibert v. The George Bell, 3 Fed. 585.]

At law. Libel promoted by [Jonathan Bourne and others] the owners of the ship Washington, against [Abraham Ashley and others] the owners of the ship Endeavor, both of New Bedford, for the conversion of a whale in the Okhotsk sea, in July, 1858. The merits of the case had been decided by Judge Sprague in favor of the libellants [Case No. 1,698], and the only point remaining open was the measure of damages, which came up on the assessor's report. We are entitled to receive the highest value of the oil and bone at New Bedford, without any deductions. Our vessel was on the ground, and the men were ready to cut in and boil the whale, and were obliged to come home without a full catch. Taber v. Jenny [Case No. 13,720].

T. D. Eliot and T. M. Stetson, for libellants.

R. C. Pitman and R. A. Pierce, for respondents.

LOWELL, District Judge. I hold the measure of damages in trover to be the value of the goods at the time and place of the conversion. In some courts the plaintiff has been permitted to recover a higher price if the goods have risen before the time of trial. This rule has led to great difficulties, and those courts have been obliged to adopt a

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]